IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARL AL KALASHNIKOV, <br><br> Plaintiff, <br><br> v. <br><br> GARY R. HERBERT, in his capacity as governor of the State of Utah; and HARRIS H. SIMMONS, for Shelter the Homeless, Inc., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:19-cv-00411-CW-PMW <br><br> District Judge Clark Waddoups <br><br> Chief Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Earl Al Kalashnikov's ("Plaintiff") motion for disqualification.[2] The motion seeks to disqualify the undersigned and District Judge Clark Waddoups pursuant to 28 U.S.C. § 455. The court treats the motion as two separate motions for disqualification, each regarding the respective judges. Accordingly, the undersigned, Chief Magistrate Judge, evaluates disqualification only as to himself, and the motion to disqualify District Judge Clark Waddoups will be addressed in a separate decision and order.

---

[1] *See* ECF No. 7.

[2] *See* ECF No. 16.

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe Plaintiff's pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## **BACKGROUND**

Plaintiff commenced this action on June 14, 2019, and was permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 ("IFP Statute").[3] When a case is proceeding under the IFP Statute, the officers of the court are required to issue and serve all process and perform all duties related to service of process. *See* 28 U.S.C. § 1915(d). At the same time, the IFP Statute allows the court to screen the complaint in such a case to determine whether it should be served upon the named defendants or dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed a motion for service of process on August 20, 2019,[4] which the court denied for the reasons stated in the October 10, 2019 order.[5] In the order, the court explained that service of process was premature because the court had not yet screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The court further explained that only after the complaint is screened is the court able to determine whether to effect service of process on defendants.

On October 17, 2019, Plaintiff filed the instant motion to disqualify the undersigned.[6] Plaintiff argues that the court's decision to delay serving defendants was a stalling tactic and

---

[3] *See* ECF No. 1.

[4] *See* ECF No. 12.

[5] *See* ECF No. 15.

[6] *See* ECF No. 16.

demonstrates bias in favor of the "parties being sued due to their 'screening process[.]'"[7] Plaintiff also argues that disqualification is proper for failure to move "with haste which an injunction requires."[8] Plaintiff goes on to assert that he "has reason to believe these judges want to dismiss the case because they feel he's beneath the defendants as parties in their capacities."[9]

## DISCUSSION

Section 455 provides that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted) (emphasis in original). Under this statute, "[t]here must be a reasonable factual basis to question the judge's impartiality." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) (citing *Cooley*, 1 F.3d at 993). Similarly, the fact that a judge has made rulings adverse to a party, standing alone, is not a basis for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Plaintiff has alleged no set of facts, acts, or speech asserting that the undersigned is biased, prejudiced, or that there is an appearance of impropriety. The conclusory allegations of bias and disagreement with previous rulings are not sufficient grounds to disqualify. *See In re*

---

[7] *Id.* at 2.

[8] *Id.* at 3.

[9] *Id.* at 4.

*Trierweiler*, 570 Fed. App'x. 766, 775 (10th Cir. 2014) ("Section 455(a) 'is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.'") (quoting *Cooley*, 1 F.3d at 993).

## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion for disqualification[10] at to Chief Magistrate Judge Paul M. Warner is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 3rd day of March, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[10] *See* ECF No. 16.