IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARL AL KALASHNIKOV,<br><br>Plaintiff,<br><br>v.<br><br>GARY R. HERBERT, in his capacity as governor of the State of Utah; and HARRIS H. SIMMONS, for Shelter the Homeless, Inc.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00411-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Plaintiff Earl Al Kalashnikov ("Plaintiff") is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also notes that Plaintiff has been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court are the review of Plaintiff's complaint[3] under the authority of the IFP Statute and Plaintiff's motion to supplement the amended complaint.[4]

---

[1] *See* ECF No. 7.

[2] *See* ECF No. 1.

[3] *See* ECF No. 3.

[4] *See* ECF Nos. 13, 14.

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not
> relieve the plaintiff of the burden of alleging sufficient facts on

> which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Even when the court liberally construes Plaintiff's complaint, the court concludes that Plaintiff has failed to provide enough well-pleaded factual allegations to support his alleged claims for relief. Plaintiff provides only conclusory allegations and fails to provide any sufficiently detailed factual allegations that would allow the court to determine whether his claims should survive dismissal.

For those reasons, the court concludes that Plaintiff's current complaint fails to state claims upon which relief can be granted. At the same time, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Accordingly, Plaintiff is hereby provided with an opportunity to amend his current complaint. Plaintiff shall file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before March 23, 2020. Failure to do so will result in a recommendation to Judge Waddoups that this action be dismissed.

Also before the court is Plaintiff's motion to supplement the amended complaint[5] which seeks to add the full names and addresses of the defendants to the complaint. Plaintiff seeks to provide this information for purposes of effecting service of process on defendants. As already explained in the court's October 10, 2019 order,[6] service of process at this time is premature. Once the screening process is complete the court will be able to determine whether to effect service of process on defendants. Until then, supplemental contact information is unnecessary. For these reasons, Plaintiff's motion to supplement the amended complaint[7] is denied.

IT IS SO ORDERED.

DATED this 3rd day of March, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* ECF Nos. 13, 14.

[6] *See* ECF No. 15.

[7] *See* ECF Nos. 13, 14.