# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **EARL AL KALASHNIKOV,**<br><br>Plaintiff,<br><br>v.<br><br>**GARY R. HERBERT, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:19-cv-411**<br><br>**District Judge Clark Waddoups**<br>**Chief Magistrate Judge Paul M. Warner** |

Before the court is Plaintiff Earl Al Kalashnikov's ("Plaintiff") pro se Motion for Disqualification.[1] Plaintiff's motion seeks to disqualify District Judge Clark Waddoups pursuant to 28 U.S.C. § 455(a).[2] Plaintiff asks the undersigned to recuse himself for the prejudicial and biased actions he has allegedly displayed throughout the case.

## **DISCUSSION**

In support of his motion, Plaintiff cites to the court's August 20, 2019 order, to which he asserts the order "lacked any empathy or understanding" and appears to disagree with the court's decision to deny Plaintiff's motion to seal.[3] Plaintiff further complains that the undersigned has not ruled on the merits of his complaint in a timely fashion and asserts that referral to Chief Magistrate Judge Paul M. Warner was done as a stalling tactic. Plaintiff goes on to state that "he has reason to believe these judges want to dismiss the case because they feel he's beneath the defendants as parties in their capacities."[4]

---

[1] *See* ECF No. 16.
[2] Plaintiff also moves to disqualify Chief Magistrate Judge Paul M. Warner, a motion that has been denied. *See* Ct. Order, Mar. 3, 2020, ECF No. 17.
[3] ECF No. 16 at 2.
[4] *Id*. at 4.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under this statute, "[t]here must be a reasonable factual basis to question the judge's impartiality." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) (citation omitted). The fact that a judge has made rulings adverse to a party, standing alone, is not a basis for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). The provision sets forth an objective standard, *see In re McCarthey*, 368 F.3d at 1269, and disqualification is required only if a "reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (quotations and citations omitted).

After considering Plaintiff's concerns, the undersigned determines Plaintiff has not stated a sufficient basis for disqualification under 28 U.S.C. § 455(a). Plaintiff has not identified any factual basis for recusal. Rather, Plaintiff provides only conclusory allegations and offers criticism of the undersigned's previous rulings. The court, therefore, concludes that Plaintiff has failed to establish a basis for recusal, as his conclusory allegations fail to demonstrate any "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555.

## ORDER

For these reasons, Plaintiff's Motion for Disqualification[5] at to District Judge Clark Waddoups is **DENIED**.

**IT IS SO ORDERED**.

---

[5] *See* ECF No. 16.

**DATED** this 4th day of March, 2020.

BY THE COURT:

_____
Clark Waddoups
United States District Judge